Nisonger Corp.
James G. Wiley Co. } *v.* United States

Entry No. 215082, etc.

(Decided February 27, 1969)

*Barnes, Richardson & Colburn; Cadwalader, Wickersham & Taft,* associate counsel; for the plaintiffs.

*William D. Ruckelshaus,* Assistant Attorney General, for the defendant.

RAO, Chief Judge: The appeals for reappraisement enumerated in schedule "A," attached hereto and made a part hereof, were submitted for decision upon the following stipulation of counsel:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise covered by the appeals for reappraisement enumerated on Schedule "A" hereto attached and made a part hereof consists of various parts and accessories for automobiles and internal combustion engines exported from the United Kingdom; that the said merchandise was entered, or withdrawn from warehouse, for consumption after the effective date (February 27, 1958) of Section 6(a) of the Customs Simplification Act of 1956 (T.D. 54165).

2. That the following merchandise covered by the appeals enumerated in said Schedule "A" is not identified on the Final List (T.D. 54521) published by the Secretary of the Treasury pursuant to the said Customs Simplification Act:

(a)    Spark plugs and parts thereof, marked "A" on the invoices and initialed McG (Import Specialist Initials) by Import Specialist Catherine A. McGonigle (Import Specialist's Name)

(b)    Other merchandise marked "B" on the invoices and initialed McG (Import Specialist's Initials) by Import Specialist Catherine A. McGonigle (Import Specialist's Name)

3. That with regard to the merchandise covered by paragraph 2 hereof, the price at the time of exportation to the United States at which such or similar merchandise was freely sold or offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the invoice unit price as indicated in the column marked "Selling Price to Customers", plus the pro rata share of the cost of cases and packing labor as invoiced.

4. That with regard to merchandise other than that described in paragraph 2 hereof, and marked "C" on the invoices and initialed McG (Import Specialist's Initials) by Import Specialist Catherine A. McGonigle (Import Specialist's Name) the said merchandise is enumerated on the said Final List as "Automobile parts, finished" or as "Motors, electric, not over 75 horsepower"; that on or about the dates of exportation, such or similar merchandise was not freely offered for sale to all purchasers, either for domestic consumption in the United Kingdom or for exportation to the United States; that on or about the dates of exportation, such or similar imported merchandise was not freely offered to all purchasers for domestic consumption in the United States; that the merchandise was accordingly appraised under cost of production, Section 402a(f), Tariff Act of 1930 as amended by the said Customs Simplification Act; that neither party challenges the said basis of appraisement.

5. That the cost of production of the merchandise described in paragraph 4 hereof, as defined in said Section 402a(f), is as follows:

(a) Items other than electric motors; the unit values indicated in the invoice column headed "Home Market Value" less the discounts therein stated, and less 63.33 percent, plus the pro rata share of the cost of cases and packing as invoiced.

(b) Electric motors; the invoice unit value plus the pro rata share of the cost of cases and packing as invoiced.

6. That the appeals for reappraisement enumerated in said Schedule "A" may be submitted on this stipulation.

On this stipulation, which is accepted as an agreed statement of fact, I find and hold as follows:

1. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise covered by these appeals which is described as follows:

(a) Spark plugs and parts thereof, marked "A" on the invoices and initialed McG (Import Specialist Initials) by Import Specialist Catherine A. McGonigle (Import Specialist's Name).

(b) Other merchandise marked "B" on the invoices and initialed McG (Import Specialist's Initials) by Import Specialist Catherine A. McGonigle (Import Specialist's Name).

2. That said export value is represented by the invoice unit prices as indicated in the column marked "Selling Price to Customers", plus the pro rata share of the cost of cases and packing labor as invoiced.

3. That cost of production, as that value is defined in section 402a(f) of said Tariff Act of 1930, as amended, is the proper basis for the determination of the value of the merchandise covered by these appeals other than that described in paragraph 2 of the stipulation and paragraph 1 of this decision, and marked "C" on the invoices and

initialed McG (Import Specialist's Initials) by Import Specialist Catherine A. McGonigle (Import Specialist's Name), and that said value is as follows:

(a) That as to the items other than electric motors, cost of production is represented by the unit values indicated in the invoice column headed "Home Market Value" less the discounts therein stated, and less 63.33 percent, plus the pro rata share of the cost of cases and packing as invoiced.

(b) That as to the electric motors, cost of production is represented by the invoice unit values plus the pro rata share of the cost of cases and packing as invoiced.

Judgment will be entered accordingly.